**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| James Thomas Powell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 8:18-cv-3683-TDC |
| | ) | |
| Prince George's County, Maryland et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT & RECOMMENDATIONS**

This "Report and Recommendations" addresses the "Plaintiff's Motion for Attorneys' Fees," the supplemental pleadings filed related thereto, and all memoranda in support of the same (ECF Nos. 33, 38, 43), as well as "Bills of Costs" (ECF Nos. 34, 39) filed by Plaintiff James Thomas Powell ("Plaintiff").

Pursuant to 28 U.S.C. § 636, and Local Rule 301.5(b), the Honorable Theodore Chuang referred this matter to me to issue a report and make recommendations. I have reviewed the abovementioned pleadings and the responses from the Defendant (ECF Nos. 37, 42). I believe that the issues have been fully briefed, and do not believe that a hearing is necessary. L.R. 105.6. As set forth more fully below, I ultimately recommend that the Court grant the motion for attorney's fees and award **$83,968.15** in fees and **$6,662.03** in litigation costs, as set forth herein.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This litigation began less than two years ago on November 30, 2018, when Plaintiff filed a Complaint against Defendants Prince George's County, Maryland (hereinafter "Defendant County") and Detective Ernest Haylock (hereinafter "Haylock") advancing the following civil

rights violations: seizure without probable cause, Fourth Amendment violation, 42 U.S.C. § 1983 (Count I); malicious prosecution (Count II); seizure without probable cause, Article 26, Maryland Declaration of Rights (Count III); abuse of process, Maryland Constitution Article 26 (Count IV); and malicious abuse of process (Count V). Plaintiff sought compensatory and punitive damages. (ECF No. 1).

The Complaint described malicious and retaliatory conduct that occurred between December 2017-September 2018, which Plaintiff asserted was predominantly committed by Haylock. (ECF No. 1). In 2015, Plaintiff was hired by a bank to manage a foreclosed property located at 3170 Hill Park Drive in Temple Hills, Maryland. (*Id*. at ¶¶6-8). The prior property owner vacated the property in January 2017. (*Id*. at ¶10). On December 4, 2017, Plaintiff arrived at the property to inspect it for potential water leaks. (*Id*. at ¶11). Upon his arrival, he discovered that "squatters" had entered and occupied the property.(*Id*.) Plaintiff called the police to report a trespassing. (*Id*.) Plaintiff explained to the police that he was the property manager, and someone was squatting in the property. (*Id*. at ¶12). Later that evening, the alleged squatter reported a break-in to the property and the police responded. (*Id*. at ¶14). The alleged squatter told the police that she had security camera footage of the break-in that showed the Plaintiff breaking the rear window to enter the property. (*Id*.) Haylock was the detective assigned to the case. (*Id*.) The ultimate outcome of Haylock's investigation was the arrest and charge of Plaintiff for burglary and malicious destruction of property. (*Id*. at ¶36).

On January 29, 2019, Defendants filed an Answer to Plaintiff's Complaint. Defendants raised the following affirmative defenses: (1) qualified immunity; (2) expired statute of limitations of claims; and (3) failure to state a claim upon which punitive damages could be granted. (ECF No. 8). Between January 30, 2019, and October 3, 2019, the parties engaged in discovery, which

included the production of documents, interrogatories, and taking ten depositions. (ECF Nos. 9, 18, 23, 25, 29). On July 11, 2019, the parties engaged in an unsuccessful mediation. Eight months after the Complaint was filed, on August 30, 2019, the parties filed a "Post-Discovery Joint Status Report," in which Defendants expressed their intent to file a summary judgment motion. In addition, the parties stated that although the first mediation was unsuccessful, they were amenable to engaging in a second settlement conference. (ECF No. 26). On September 19, 2019, the parties filed their "Third Motion for Extension of Time to Complete Discovery." (ECF No. 28). On September 25, 2020, Judge Chuang granted the parties' motion and extended the discovery deadline by ninety (90) days. (ECF No. 29).

On October 3, 2019, Defendants filed a "Notice of Acceptance with Offer of Judgment," pursuant to Fed. R. Civ. P. 68. (ECF No. 30). The following were the terms:

(1) acceptance of the offer of judgment constitutes the full satisfaction of all claims for damages against any County employee by Plaintiff related to any alleged acts or omissions alleged in ECF No.1;

(2) Plaintiff agrees to dismiss County employees' names as Defendants in this case with prejudice prior to the Clerk of Court entering judgment against Defendant County;

(3) acceptance and payment of $175,000 constitutes a release, discharge, and relinquishment of any and all claims against Defendant County and any and all officials, employees, agency, department, or instrumentality related in any way to them, and those in privity with them, and including any and all insurers of said individuals or entities;

(4) if Plaintiff declines to accept Rule 68 offer, then the offer of judgment is not and may not be construed as an admission of liability at any subsequent proceeding in this case or that Plaintiff has suffered any damage at any subsequent proceeding in this case;

(5) the Rule 68 offer will remain open for fourteen (14) days after service of this offer upon Plaintiff. If this offer is not accepted in writing within fourteen (14) days, then the offer is deemed withdrawn; and

(6) upon acceptance and payment, the Plaintiff agrees to file an order of satisfaction, execute a release and settlement agreement, execute a dismissal with prejudice in favor

of all beneficiaries of the Rule 68, all of their incurred costs after the date of this offer, including any applicable attorney's fees.

(ECF No. 30-1). Plaintiff accepted a judgment of $175,000 against Defendant Prince George's County, exclusive of reasonable attorneys' fees and costs. (ECF No. 30). On October 3, 2019, Plaintiff filed a "Dismissal of Claims Against Defendant Ernest Haylock." (ECF No. 31). On October 4, 2019, the Court dismissed all claims with prejudice against Haylock and entered a judgment in favor of Plaintiff against Defendant County in the full amount. (ECF No. 32).

## II.    MOTION FOR ATTORNEY'S FEES

### A.    Legal Standard

Under 42 U.S.C. § 1988, in any action to enforce § 1983, the court may allow a prevailing party to recover reasonable attorney's fees. 42 U.S.C. § 1988(b). Before deciding whether an award of attorney's fees is appropriate, a court must determine whether the party seeking fees is a "prevailing party," a threshold question for which the Supreme Court has said it will accord a "generous formulation." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A plaintiff is a prevailing party for the purpose of an attorney's fees award if the plaintiff succeeds "on any significant issue in litigation which achieves some of the benefit [the party] sought in bringing suit." *Id.* at 433.

To calculate the amount to be awarded in attorney's fees, a court must determine what is reasonable. *Hensley*, 461 U.S. at 433. To do so, courts engage in a three-step process. First, a court must calculate the lodestar, "the number of reasonable hours expended times a reasonable rate." *Randolph v. Powercomm Construction, Inc.*, 715 Fed. App'x 227, 230 (4th Cir. 2017) (citing *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)). To determine reasonable hours and rates, the Fourth Circuit has held that a court's discretion should be guided by the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Id.* The twelve factors are:

4

(1) the time and labor required;

(2) the novelty and difficulty of the questions;

(3) the skill requisite to perform the legal service properly;

(4) the preclusion of employment by the attorney due to acceptance of the case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the "undesirability" of the case;

(11) the nature and length of the professional relationship with the client; and

(12) awards in similar cases.

*Id.* ("*Johnson* factors").

Per *Randolph*, *supra*, the second step requires a district court to subtract fees for hours spent on unsuccessful claims unrelated to successful ones. 715 Fed. App'x at 230. In that regard, if a plaintiff prevails on only some of the claims, "the number of hours may be adjusted downward." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994).

Third, a court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Randolph*, 715 Fed. App'x at 230 (citing to *McAfee*, 738 F.3d at 88).

To determine the reasonableness of an attorney's hourly rate, courts analyze whether the rate sought is consistent with the rate that prevails in the community for "similar legal services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n. 11 (1984). While a court may rely upon affidavits from attorneys opining on the

reasonableness of requested rates, *see, e.g., Poole ex. Rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509-10 (D. Md. 2000), it is well established that a court may rely upon its knowledge of the Maryland market.  In this district, that "market knowledge" is embedded in "United States District Court for the District of Maryland: Local Rules, Appendix B, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases." ("*the Guidelines*"). *See  Gonzales v. Caron*, Case No. CBD-10-2188, 2011 WL 3886979, at *2 (D. Md. Sept. 2, 2011). The Guidelines, although not binding, presumptively set forth ranges of reasonable hourly rates based on an attorney's years of experience. *Gonzales*, 2011 WL 3886979, at *2.

The party seeking attorney's fees bears the burden of establishing the reasonableness of those fees. *Ledo Pizza Sys., Inc. v. Ledo Rest., Inc.*, Case No. DKC-06-3177, 2012 WL 4324881, at *6 (D. Md. Sept. 18, 2012). In addition, even if the billing rate is reasonable, the party seeking fees must "show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending*, Case No. 3:07cv00065, 2018 WL 2397330, at *4 (W.D. Va. June 12, 2008).

An attorney who submits a fee petition must demonstrate billing judgment. *Thompson v. U.S. Dept. of Housing and Urban Development*,  Case No. MGJ-95-309, 2001 WL 1636517 at *10 (D. Md. 2001). In other words, the petitioning attorney must exclude from "the fee petition hours that were not reasonably necessary, excessive time entries, and redundant or duplicitous entries." *Id*. (citing to *Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir.1986)). In addition, the court "may reduce the number of hours awarded if the documentation is vague or incomplete." *Costa Group, Inc. v. Loopnet, Inc*., 106 F.Supp.2d 780,788 (D.Md.2000). Therefore, the fee petition must demonstrate hours that were reasonably expended. *Id*.

A defendant who challenges the award requested "bears the burden of explaining [his or her] objections with sufficient detail and specific reference to the plaintiff's time records to allow the court to evaluate those challenges without itself pouring over the time records searching for unnecessary charges." *Nelson v. A&H Motors, Inc.*, Civ. No. JKS 12-2288, 2013 WL 388991 at *3 (D. Md. Jan. 30, 2013)(citation omitted).

B.    Plaintiff's Request for Attorney's Fees

A party seeking an award of attorney's fees must establish entitlement to same by documenting the hours expended and the corresponding hourly rates. *Hensley*, 461 U.S. at 437.

In this case, Plaintiff requests fees for 212.09 hours of attorney work multiplied by a rate of $535 per hour, which equals $113,468.15. (ECF Nos. 38, 43). Plaintiff's petition and attachments detail 212.09 hours of work related to:

(a) Case Development -  48.12 hours- $25,744.20

(b) Pleadings – 41.17 hours-$22,025.95

(c) Paper Discovery (Interrogatories and Document Requests) – 28.35 hours-$15,167.25

(d) Depositions – 53.85 hours-$28,809.75

(e) Motions Practice – 2.40 hours-$1,284.00

(f) ADR (Mediation)- 5.25 hours-$2,808.75

(g) Fee Petition Preparation – 32.95 hours-$17,628.25[1]

(ECF Nos. 38, 43).

To aid a court in determining the reasonableness of the hours billed, the Guidelines require the Plaintiff to submit itemized time records broken down by attorney and by litigation phases. *See*

---

[1] This number includes reimbursement for an additional 13.95 hours to respond to Defendant County's opposition to his fee petition. (ECF No. 43, p. 16).

the Guidelines, ¶¶1a-1b.  Plaintiff complied with the Guidelines, providing: a schedule of costs, a spreadsheet of fees, and declarations and affidavits of counsel. (ECF Nos. 38-1 & 43-1).

In support of Plaintiff's attorney's fees request, he relies upon *Perdue v. Kenney A. ex rel. Winn*, 559 U.S. 542 (2010), and *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1996). (*See* ECF No. 38, p. 9).  Plaintiff maintains that the Supreme Court disapproved of the *Johnson* factors because "[s]etting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results." Therefore, Plaintiff did not refer to the factors in his fee petition. (ECF No. 38, p. 10, n.1). In addition, Plaintiff's counsel contends that he spent majority of his hours on case development and authoring pleadings[2] in order to gain a thorough understanding of the facts. (ECF No. 38, p.11).

As it relates to Plaintiff counsel's hourly rate, Plaintiff submitted three affidavits in support of the hourly rate of $535 per hour from attorneys with comparable skill, experience, and reputation. (ECF No. 38-1).  The affidavits state that for a senior attorney, with the same amount of experience as Plaintiff's counsel, the hourly rate ranges between $500 - $700 per hour.  Plaintiff avers that his counsel has 41 years of experience, which includes extensive experience in handling police misconduct and Section 1983 cases. In addition, Plaintiff has tried thirty (30) police misconduct cases and handled several cases on appeal. Plaintiff's counsel hourly rates in civil litigation[3] has ranged from $475 to $550 per hour. (ECF No. 38, pp. 12-15).

---

[2] Plaintiff authored the following  pleadings: (1) the Complaint; (2) three motions for extension of time to complete discovery; and the Notice of Dismissal. No substantive pleadings were filed in this case. (ECF No. 38-1, p. 14).
[3] Plaintiff has appeared before the (1) U.S. District Court of Maryland, (2) D.C. Superior Court, (3) U.S. District Court of District of Columbia, (4) Fourth Circuit of U.S. Court of Appeals, (5) Prince George's County Circuit Court, and (6) Maryland Court of Appeals. (ECF No. 38-1, pp. 2-8).

Plaintiff argues that although the hourly rate exceeds the rates set forth in the Guidelines, footnote six of the Guidelines provides that the rates provide practical guidance to lawyers and judges; however, the market rate may differ from the Guidelines. In addition, an upward adjustment to the applicable range may be appropriate if the market rates differ from the Guidelines' rates. (ECF No. 38, p. 15).

C.     Defendant's Opposition

Defendant County argues that Plaintiff's counsel's billable hours were "excessive and unnecessary for a straightforward [probable cause] lawsuit." (ECF No. 42, p. 5). Defendant County objects to the hours expended on various billing categories, namely: (a) pre-complaint consultation; (b) document review; (c) "detailed memorandum of law" review; (d) drafting the complaint; (e) preparing the fee petition; (f) drafting answers to interrogatories; (g) preparing for the Haylock deposition; and (h) "digesting" the Haylock deposition. (ECF No. 42, pp. 5-9). (ECF No. 42, pp. 5-8).

Defendant County also contends that: (a) the hourly rate requested by Plaintiff is unreasonable, because the legal and factual issues in this case are not complex; (b) Plaintiff failed to provide case law in support of the notion that a court has allowed an attorney's rate to exceed the hourly rate set forth in the Guidelines. Defendant further argues that the presumptive hourly rate for Plaintiff's counsel is $400 per hour. (ECF No. 42, pp. 8-9).

Defendant maintains that Plaintiff failed to exercise proper billing judgment. (ECF No. 42, p.5). Defendant argues that 60.7 hours of hours billed are excessive, unnecessary, duplicative, and vague. (*Id.*) Ultimately, Defendant asks the Court to reduce the billable hours from 198.84[4] hours. Defendant's suggested final fee award is $55,256 (138.14 hours multiplied by $400).

---

[4] This number did not include hours requested by counsel for responding to Defendant's opposition. *See footnote 1.*

Finally, Defendant did not argue for a downward adjustment beyond the lodestar figure. (ECF No. 42, p.3).

      D.    <u>Plaintiff's Reply</u>

Plaintiff raises three arguments in his reply to Defendant's opposition. Plaintiff first argues that counsel's hourly rate of $535 is consistent with the prevailing market rates. In support, Plaintiff provided affidavits from two Baltimore attorneys, one Greenbelt attorney, and his counsel, all of which stated that the prevailing market rate range for a senior attorney with extensive experience in civil rights law is $500-$700. Relatedly, Plaintiff maintains that Defendant concedes that his counsel has extensive experience. (ECF No. 43). Plaintiff contends that the hours expended on this case were necessary, due to the complexity of the case. Plaintiff avers that the reductions sought by Defendant County are speculative. (ECF No. 43, pp.1-16). Finally, Plaintiff maintains that counsel is entitled compensation for replying to Defendant County's opposition, because Defendant County disputed counsel's fees. (ECF No. 43, p.16).

## III.    ANALYSIS AND FINDINGS

      A.    <u>Plaintiff is a Prevailing Party</u>

      As an initial matter, because judgment has been entered in Plaintiff's favor, he is indisputably a "prevailing party" entitled to attorney's fees. *Id.* at 433 (Plaintiff is a prevailing party . . . if successful "on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit").

      B.    <u>Analysis of the *Johnson* Factors</u>

Plaintiff contends that the Supreme Court in *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542 (2010), overruled the method set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). (ECF No. 38, p. 10). In opposition, Defendant contends that the Supreme

Court did not overrule *Johnson* in *Perdue*. In addition, Defendant contends that per *Fernandes v. Montgomery County*, Case No. SAG-10-752, 2013 WL 6330705, at *2 (D. Md. Dec. 3, 2013), *Johnson* is still applicable. (ECF No. 42, p. 2). This Court agrees with Defendant. Plaintiff's reliance on *Perdue and Pennsylvania* is misplaced, because the Supreme Court did not overrule the *Johnson* factors and their applicability. *Perdue*, 559 U.S. at 550-52. The Fourth Circuit has adopted the *Johnson* factors. *See, e.g., Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 (4th Cir.1978). In addition, courts within this district routinely use the *Johnson* factors. *See, e.g., Sergeant v. Acol,* et al., Case No. PWG 15-2233, 2018 WL 276431, *9 (D. Md. Jan. 3, 2018); *Corral v. Montgomery Cnty.*, 91 F.Supp.3d 702, 712–13 (D. Md. 2015); *see also Fernandes, supra*, at *2 (explaining that the "lodestar method [is] an *alternative* approach for calculating reasonable fees"). Therefore, this Court will apply the *Johnson* factors.

*Johnson* instructs the court to "closely observe the attorney's work product, his preparation, and general ability before the court." 488 F.2d at 718-720. At least one district court has found an attorney's skills to be a heavily-weighted factor in the lodestar analysis. *See Peacock v. Bank of America Corp.* 133 F.Supp. 2d 1322, 1327 (M.D. Fla. 2000) ("skill is evidenced by an attorney's initial case assessment, continuing negotiation, and settlement attempts, persuasiveness, and other fundamental aspects of organization and efficiency").

C.  <u>General Findings</u>

As a preliminary matter, I do not find any step-two or step-three *Randolph* deductions applicable to this case because Plaintiff accepted a Rule 68 Offer of Judgment.

I have reviewed all of the pleadings and exhibits in this case. I have analyzed all of the *Johnson* factors. The well-pled Complaint relates only to one plaintiff. The allegations are relatively straight-forward. (*Johnson* factors 2,3).

Less than one year has elapsed since Plaintiff's filing of the Complaint and the Notice of Acceptance of Rule 68 Offer (November 2018 – October 2019). No in-court proceedings occurred; no substantive motions were filed. A review of Plaintiff's billing records reflects that during this period of time: the Complaint was drafted, the parties exchanged discovery; the parties conducted depositions;  some legal research was conducted, and attorney-client communications occurred. (ECF No. 38-1, pp. 10-17). (*Johnson* factors 7,8). The matter was staffed with only one attorney. (*Johnson* factor 9).

Defendant maintains that Plaintiff's counsel failed to exercise billing judgment as an experienced attorney. (ECF No. 42, p. 5). Plaintiff counters that he exercised appropriate billing judgment because he reduced his hours reflected in the original billing by 22.45 hours. (ECF No. 43, p. 9; *See also* ECF No. 43-1, pp. 2-16).  The majority of the time billed relates to the categories of  case development (48.12 hours); pleadings (41.17 hours); depositions (53.85 hours); and fee petition preparation (32.95 hours). (ECF No. 38-1, pp. 10-17).

Although Plaintiff reduced his hours, I find that further reductions are warranted. Where precision is not possible, I recommend reductions as set forth below to achieve "rough justice" by way of reasonably estimating the fees associated with the initial action. *See Christian v. Maternal-Fetal Med. Assocs. of Md., LLC*, 459 Md. 1, 39-40 (2018) (quoting *Fox v. Vice*, 563 U.S. 826 838 (2011)) ("It is the duty of a court to accomplish 'rough justice, not [] auditing perfection' when determining what attorney's fees to award under the circumstances.").

D.    <u>Reasonable Hourly Rate</u>

Plaintiff seeks an hourly attorney's rate of $535.00.  Plaintiff's counsel was admitted to the Maryland Bar more than 30 years ago, and, it is generally his practice to bill at rates $475 to $550

per hour. In support of his request for an above-Guidelines[5] hourly rate, Plaintiff submitted four affidavits: one from his counsel, two from Baltimore attorneys, James P. Ulwick, Esq. and Andrew D. Freeman, Esq., and one from a Greenbelt attorney, Timothy F. Maloney, Esq. (*See* ECF No. 38-1, pp. 47-55).

Plaintiff maintains that the $535 hourly rate, though it exceeds the Guidelines' hourly rate, is reasonable because: (a) counsel's high level of experience in police misconduct cases; (b) a lower rate would discourage competent lawyers from taking on civil rights cases; and (c) the rate is consistent with the prevailing market rate for similarly-situated attorneys. (ECF No. 38, pp. 14-15 ).

Defendant County counters that $535 hourly rate is unreasonable because the legal and factual issues in the case are not complex. Defendant relies upon *Garcia v. Montgomery County,* Case No. TDC-12-3592, 2018 WL 1441189, at *8 (D.Md. 2018), to advance his argument. Defendant County contends that the presumptive hourly rate of $400 is reasonable. (ECF No. 42, pp. 8-9).

First, there is nothing unique, complex or exceptional about this case that merits an upward adjustment to the Guidelines' hourly rates. Second, the submitted affidavits do not address how this specific case was novel, protracted or complicated such that higher hourly rates are presumptively reasonable. Finally, this Court does not believe that counsel's customary rates are an appropriate metric, rather, the Guidelines' rates are "more representative of a broader range of fees charged by practitioners appearing in federal court in Maryland." *Kreuze v. VCA Animal Hosps., Inc.*, Case No. PJM 17-1169, 2019 WL 2107263, (D. Md. May 14, 2019). The rates charged in the Guidelines are presumptively reasonable. *See Gonzales*, 2011 WL 3886979, at *2.

---

[5] The Guidelines set forth an hourly rate range of $300-$475 for attorneys admitted in the bar for twenty (20) years or more. *See Guidelines*, ¶ 3.e.

However, as the Court previously noted, Plaintiff's counsel was the sole timekeeper in this case. Plaintiff's counsel did not benefit from the assistance from an administrative assistant, a paralegal, a law clerk, or co-counsel in this case. (ECF No. 38-1, pp. 10-17). In one respect, it is arguably more efficient to have just one timekeeper. Based on those facts, I find that an upward adjustment to the Guidelines' hourly rates is appropriate because in some respects it is less expensive to allow a senior attorney to bill above the hourly rates than to staff the case.

In sum, the hourly rates sought by Plaintiff's counsel will be adjusted upward to $535.00 per hour.

E.    Reasonable Hours

Defendant raises objections to the amount of hours Plaintiff's counsel expended on: (a) pre-complaint consultation; (b) document review; (c) "detailed memorandum of law" review; (d) drafting the complaint; (e) preparing the fee petition; (f) drafting answers to interrogatories; (g) preparing for the Haylock deposition; and (h) "digesting" the Haylock deposition. (ECF No. 42, pp. 5-9). Ultimately, the Defendant relies on *Johnson* factors 1, 2, and 3 to argue that Plaintiff's fee petition should be reduced because the legal issue probable cause is simple and not novel, especially for an attorney with reportedly- extensive experience in civil rights law. Plaintiff contends that the greater number of hours in the fee petition were necessary to properly develop the case and pleadings because a considerable amount of time was needed to thoroughly understand the factual complexity of the case. (ECF No. 43, pp. 4 -7). For the reasons explained below, this Court will make reductions to the overall hours sought.

*Case Development*

Defendant argues that Plaintiff's counsel's billing entries related to the pre-complaint consultation (13.25 hours) and document review with Plaintiff (5 hours) must be adjusted

downward because the hours are excessive and vague. (ECF No. 42, pp. 5-6). Plaintiff contends that a pre-complaint consultation was necessary because police misconduct cases must be thorough and comprehensive. (ECF No. 43, p. 10)(*citing* to Police Misconduct Law and Litigation, 3rd Ed. (2018 – 2019)). In addition, Plaintiff avers that there is a list of 24 items that must be included in a complainant's interview. As to the document review entry, Plaintiff maintains that he expended a reasonable amount of time reviewing over 153 pages of relevant documents with his client during their first substantive interview. (ECF No. 43, pp. 11-12).

Based on the time and labor necessary to investigate this case properly, the Court believes that the facts of the case would merit Plaintiff's counsel conducting a detailed pre-complaint investigation. Gathering information from several third parties occurred including: the bank; Ms. Nelson, the squatter; the previous owners of the property in question; and the contracts involved between such parties. However, $25,744.20 in fees for case development appears excessive. Plaintiff fails to demonstrate why an attorney with his experience would spend more than forty hours in case development when the legal question was relatively simple: whether Detective Haylock had probable cause to charge and arrest Plaintiff. Plaintiff expended about 19 hours in case development prior to the filing of the Complaint.

Thus, this Court finds that hours Plaintiff's counsel billed for case investigation or development shall be reduced. Accordingly, I recommend an overall reduction of approximately **$9,000.00**.

### *Pleadings*

Plaintiff contends that he spent majority of his time "authoring pleadings." Upon review of the docket sheet in this case, the Court finds that there were no substantive pleadings filed. The only substantive pleading filed was the Complaint, which Plaintiff spent about 36 hours drafting.

This Court finds that $19,350.95 is excessive for Plaintiff's counsel to draft and file a 53 paragraph Complaint, given his experience.

The Court accepts that the facts in this case are peculiar; however, the facts are not complicated to explain or understand. With Plaintiff's counsel's expertise, he should have been able to more facilely draft the complaint and link the facts to the corresponding elements of the claims. The Court finds that Plaintiff's counsel spent about 15 hours on writing and researching the legal claims portions of the Complaint when a vast majority of the Complaint includes factual averments.

Although Plaintiff relies on *Corral v. Montgomery Cty.*, *supra*, and *Garcia v. Montgomery County, supra*, to advance his argument, this Court finds that the cases are distinguishable.(ECF No. 43, p.13). In *Garcia*, the Court found that 32.4 hours was a reasonable amount of time for drafting the complaint. *Garcia, supra,* at 5. In *Corral*, the court found that 25 hours was reasonable to draft a complaint. *Corral, supra*, at 716-17. In *Corral* and *Garcia*, the complaints authored by the attorneys were twice as long as the Complaint written in this case.

Therefore, I recommend an overall reduction of approximately **$5,000**.

*Depositions*

Defendant's argues that the billing entry related to Plaintiff preparing for Detective Haylock's deposition requires a downward adjustment.(ECF No. 42, p. 8). Specifically, Defendant avers that preparation for the deposition is excessive and duplicative because Plaintiff expended 2.5 hours on reviewing the County's production of documents that includes Detective Haylock's investigative file and personnel records. (ECF No. 42, p. 8).

Defendant's argument to reduce billable hours in preparation for Detective Haylock's deposition is unpersuasive. When Plaintiff's counsel was preparing for the deposition of Detective

Haylock, he was a named defendant. Detective Haylock was the officer responsible for criminal charges being filed against Plaintiff.  In addition, Haylock interacted with Plaintiff repeatedly during the investigation of the criminal charges, met with Mrs. Nelson, and was the officer who sought the arrest warrant for the Plaintiff. (ECF No. 38, pp. 3-5). His deposition was essential to the development of Plaintiff's case. I find that Defendant expended a reasonable amount of time in preparing for Detective Haylock's deposition.

As to the other depositions, Plaintiff's counsel deposed the following nine witnesses: Plaintiff, Ms. Nelson, David Call, M.D., Neil Blumberg, M.D., Officer Downey, Officer Canino, Carlos Salvado, Taylor Acosta, and Keith Taylor. Plaintiff did not spend over seven hours on the depositions of critical witnesses: Plaintiff, Nelson, and Haylock. In addition, the amount of time expended for the depositions of the other witnesses, including experts, were fewer than two hours/person.

In short, I find that Plaintiff's counsel expended a reasonable number of hours for depositions.

*Fee Petition*

As it relates to the preparation of the fee petition, this Court agrees with the Defendant that the majority of the fee petition was a recitation of the facts. Upon reviewing plaintiff's complaint and the fee petition's factual background, I find both pleadings are nearly identical. Plaintiff seeks 19.7 hours for fee petition preparation and 13.95 hours for responding Defendants opposition to the motion for attorney's fees. In total, Plaintiff expended 33.65 hours for fee preparation and a reply, which I find to be excessive. First, there is no dispute as to counsel's entitlement to attorney's fees because Defendant agreed to pay Plaintiff's reasonable attorney's fees and costs. Second, Plaintiff's factual background in the fee petition is similar to the Complaint. Finally, as to

Plaintiff's reply brief, the Court acknowledges that Plaintiff's counsel is expected to reply to Defendant's opposition. *See Sergeant, supra,* at 7. However, all of the arguments raised in the fee petition are not novel or particularly complex, and with Plaintiff's expertise he should have been more efficient. *See Corral, supra*, at 718. Therefore, I recommend an overall reduction of approximately **$5,500.**

*Remaining Billing Categories*

As to the remaining billing categories, I find that Plaintiff's billing entries for document review (5 hours); "detailed memorandum of law" review (5 hours); digesting Detective Haylock's 200-page deposition (6 hours); drafting answers to interrogatories (9.95 hours) are slightly unreasonable, given counsel's experience. Thus, a downward adjustment of **$10,000** is appropriate.

In sum, I recommend the total reduction of **$29,500** from the proposed total $**113,468.15**, which equals **$83,968.15**.

## IV.   COSTS

On October 17, 2019, Plaintiff submitted a bill of costs seeking reimbursement for $8,896.53 in taxable costs. (ECF No. 34). However, in his fee petition, Plaintiff seeks $10,795.26 in taxable costs. (ECF No. 38-1). Plaintiff's statements related to costs are inconsistent. The Statement of Costs provided in ECF No. 38, Plaintiff's Exhibit 1B, has the following additional entries: (1) 8/23/2019-transcript of Neil Blumberg, MD for $343.13; (2) 7/8/2019-copies of court records from Circuit Court for $22.50; and (3) 7/17/2019-investigative work for $1533.10. To date, Defendant County had not objected to the updated amount sought. Although Defendant County did not object, this Court will not reward costs for items (1), (2), and (3), because Court's Guidelines for Bills of Costs do not allow for these items. *See* L.R. 109.1(b).

18

Defendant County objects to the costs of the video depositions of Crystal Nelson and Detective Haylock, asserting that Plaintiff failed to demonstrate why both deposition transcripts and videotapes of the depositions were necessary. Defendant County maintains that this Court should deduct the costs of the videotaped deposition from Plaintiff's allowable costs, relying on *Cherry v. Champion Int'l Corp.*, 186 F.3d 442 (4th Cir. 1999) and this Court's Guidelines for Bills of Costs to advance its arguments.(ECF No. 37, pp. 1-3).

Plaintiff replies that copies of Haylock's and Nelson's videotaped depositions were necessary because Haylock and Nelson were adverse witnesses. In addition, Plaintiff maintains that a "cold transcript of a deposition is inferior to a video-deposition because the latter can provide important information a written transcript cannot." Plaintiff also argues that facial expressions, body language, and mannerisms are important when assessing a witness' credibility. As it specifically relates to Crystal Nelson's videotaped deposition, Plaintiff further contends that there was a possibility that she would be unavailable for trial due to her outstanding arrest warrant. (ECF No. 39, pp.1-3).

*Cherry* is instructive. In *Cherry*, the prevailing party sought to recover for both the costs of transcription and video deposition fees. *Cherry, supra*, at 445. The prevailing party asserted that the videotaped deposition was "necessary to enhance its chances of effectively impeaching Cherry at trial." *Id*. at 448. The Fourth Circuit opined that the "necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial." *Id*. (citing to *Fogleman v. ARAMCO* (Arabian American Oil Co.), 920 F.2d 278,285 (5th Cir. 1991)). *Id*. The *Cherry* court found that the prevailing party failed to show the necessity for both transcription and video for the identified need. *Id*. The *Cherry* court allowed only the transcription costs. *Id*.

19

The instant case is analogous to *Cherry*. Plaintiff failed to reasonably identify why the both transcription and video were necessary. The Court acknowledges that the video depositions may be an attractive option for a jury trial; however, I do not find them necessary. The relevant portions of a transcript can be used to impeach a witness during trial. *See, e.g.*, FRE 612, 613. In addition, Plaintiff fails to cite to any case law. The issues of whether presenting a transcript or a video of the depositions to a jury would be more or less successful is related to strategy rather than necessity.[6] Therefore, this Court recommends deducting costs for videotaped depositions of Detective Haylock and Nelson from the proposed total ligation costs. The total of amount for the videotaped depositions calculates to $2,234.50.

This Court finds that all other requested litigation costs are reasonable. Therefore, I recommend that Plaintiff shall be awarded $6,662.03 ($10,795.26 - $4,133.23) for litigation costs.

## V.     CONCLUSION

In sum, I find that the requested hourly attorney rate ($535 /hour) is reasonable. I further find that the majority of the requested number of hours are reasonable, with the adjustments set forth above. I have multiplied the number of reasonable hours expended by the reasonable rate for the attorney as instructed by *Randolph* and followed the other *Randolph* requirements. I find that no other reductions were warranted. I ultimately recommend a total fee award of **$83,968.15** and litigation costs award of **$6,662.03**.

Dated:  September 10, 2020                                      /s/
                                                     The Honorable Gina L. Simms
                                                     United States Magistrate Judge

---

[6] Plaintiff's counsel spent a total of six hours "digesting" Detective Haylock's 200-page deposition transcript, which signifies to the Court that the transcript is sufficient and valuable to Plaintiff. (See ECF No. 38-1).